FLEMING v. SOUTHERN RAILWAY COMPANY.

(Filed May 26, 1903.)

1. INSTRUCTIONS—*Rehearings—Railroads—Negligence—Trial.*

> In an action by an employee of a railroad company for injuries, an instruction appearing in the original record as embodying two separate and distinct propositions of law, is held on a re-hearing of the case to constitute in fact but one instruction and not misleading.

2. REHEARINGS—*New Trial—Supreme Court—Exceptions and Objections.*

> Where a new trial is granted without passing upon certain exceptions and upon a re-hearing of the exceptions upon which new trial was granted, is reversed, the supreme court, the personnel of the same having been partially changed, orders in this case a re-argument of the exceptions not passed upon, without a petition for the same being filed.

Petition to rehear this case, reported in 131 N. C., 485. Petition granted.

*G. B. Nicholson*, for the petitioner.
*L. C. Caldwell* in opposition.

CONNOR, J.   This was a petition to rehear.   But one question is presented by the petition.   In the trial below the plaintiff having alleged that he was injured by reason of the use of a defective coupler on the defendant's train, the defendant, among other defenses, set up and introduced in evidence a paper writing marked "Exhibit A", being a release of all actions and right of actions which accrued to him by reason of the alleged injury.   The plaintiff replying by way of avoidance of the effect of this release alleged that it had been obtained by fraud and deceit and was therefore void. The defendant also introduced a paper writing marked "Exhibit B", being a contract signed by the plaintiff upon his entrance into the service of the defendant by which he bound himself to observe the rules of the company in respect to the coupling of the cars, etc., and contracted to assume all risks incident to his employment, etc.   Appropriate issues were submitted to the jury in regard to the alleged negligence, contributory negligence, execution of the release and its validity.   The issues were found in favor of the plaintiff, and on appeal to this court the ruling of the court below on the various matters in controversy was affirmed, except his Honor's charge in response to certain special instructions hereinafter set out, asked by the plaintiff.

An examination of the original record shows instructions asked, numbered from 1 to 7 inclusive.   After instruction marked 7 is the following:   "6.  A rule of the railroad company agreed to by the plaintiff may be waived or abrogated for the company by the conductor making an order contrary to such rule, when it was the duty of the plaintiff to obey such order.   If you find by the greater weight of evidence in this case that the plaintiff signed the paper B and

agreed not to couple cars except with a stick; if you further find that the conductor on the defendant's train ordered him to make the coupling, you are instructed that the conductor had the power to waive or abrogate the said contract. (The above instruction was given and the defendant excepted).

The legislature has enacted that any contract or agreement express or implied made by any employee of said company to waive the benefit of an action which he may have against the company for injuries shall be null and void. 'And it seems', says the Supreme Court, 'that the legislature intended to put an end to all such intentions (contentions) by saying in the first section of the Act that he shall have a right of action for injury caused by such defective machinery, and providing in the second section that he cannot waive that right by contract express or implied.' " (The above instruction was given and the defendant excepted).

The court in the opinion, *Fleming v. Railroad,* 131 N. C., 485, treated this instruction as two separate and distinct propositions. We can readily understand how this impression was made upon the court by the fact that his Honor separated the prayer by inserting about the center the words "the above instruction given and the defendant excepted," and, at the end of the prayer repeated this language. The petition to rehear states that the prayer was single and connected, and that it was a mistake to treat it as two prayers for separate instructions. Upon a careful examination of the record, we concur with the petitioner. We think that it was, as given, but one instruction and related to but one subject. The plaintiff's counsel by an oversight numbered the prayer 6, when it should have been numbered 8. The court in its opinion speaks of it as "8 and 9." His Honor had in a series of instructions directed the attention of the jury to the controversy in regard to the execution of the release and the allegation of fraud therein made by the plaintiff.

Exhibit B related to the subject of rules of the company, the contract of the plaintiff to obey them, and the assumption of risk, etc. It was entirely separate and distinct from the instructions given in regard to Exhibit A, the release. The court was of the opinion that "the language was too broad and was calculated (not to say intended) to, and may have misled the jury and directed their minds to the release and discharge set up by the defendant in its answer." The instruction read as relating to a single subject, we think, upon a careful consideration, being expressly directed to "B," and it could not have reasonably been understood to refer to the release "A." The language "If you find by the greater weight of evidence in this case that the plaintiff signed the paper "B" and agreed not to couple the cars except with a stick, etc., and the express and direct reference to the act of the Legislature in regard to such contracts, which the jury must have understood had no reference whatever to the release, directed their attention to the contract called "Exhibit B" and not to the release called "Exhibit A." His Honor with his accustomed care instructed the jury upon every issue and phase of the testimony. The entire charge, when considered as a whole, could not have misled the jury in regard to Exhibit A and B. The court in concluding its opinion said: "As we have said, we do not discuss in this opinion the matters relating to the release and discharge and the alleged fraudulent character of the paper writing."

We think that the petition should be allowed for the reasons given, but as the court ordered a new trial without passing upon several exceptions of the defendant, we have concluded that upon the questions raised by these exceptions not passed upon the defendant is entitled to have the ruling of this court.

As the personnel of the court has been partially changed since the argument and decision, we direct a reargument of

the exceptions not passed upon. The rule of the court in regard to rehearings requires a petition to rehear to be filed by either of the parties desiring such rehearing, but the peculiar status of this case entitles the defendant to be heard by the court as now constituted.

The petition is allowed and the cause is set down for argument upon such exceptions as were not passed upon, at the regular call of the docket at the next term of this court. The clerk will direct a copy of this order to counsel for plaintiff and defendant. The petitioner will recover the costs.

Petition Allowed.

MONTGOMERY, J., dissenting. I find myself embarrassed in expressing my ideas in this matter for the reason that in the opinion of the court all of the members except myself concur in a view of a part of the record and of the treatment of it by the plaintiff's counsel, which I think is not the correct view, and one which I can not adopt. The case on appeal and the brief of the plaintiff's attorneys are now before me on my table. The plaintiff requested the court to give a number of prayers for special instructions to the jury. Down to and including the 7th, there is no confusion. The next one of the prayers was numbered "sixth" and was in these words: "A rule of the railroad company agreed to by the plaintiff may be waived or abrogated for the company by the conduct or making an order contrary to such rule when it was the duty of the plaintiff to obey such order." If you find by the greater weight of evidence in this case that the plaintiff signed the paper 'B' and agreed not to couple cars except with a stick; if you find further that the conductor on plaintiff's train ordered him to make the coupling, you are instructed that the conductor had the power to waive or abrogate the said contract." Then follow these words in parenthesis: "The above instruction was given and defendant

excepted." That instruction, though numbered "sixth," as we have said, in the case made out by his Honor, followed number 7, and ought to have been numbered 8 in the original record. The plaintiff's counsel did not make the mistake in numbering the special prayers for instruction asked by the plaintiff. They saw the mistake made by the judge in making up the case in numbering the plaintiff's special prayers, and treated the second one numbered "sixth" as the eighth; for in their brief they say: "In support of the eighth instruction and to show that it was proper and that the exception to it (by the defendant) is without foundation, we invite the attention of the court to the following authorities: *Mason v. Railroad,* 111 N. C., 494; 18 L. R. A., 845; 32 Am. St. Rep., 814; *Railroad v. Ross,* 112 U. S., 377; *Chambers v. Railroad,* 91 N. C., 475"—and those authorities cited show that the instruction which I quoted above was referred to in what the plaintiff's attorneys, in their brief, called the *"eighth"* instruction, but which was numbered "sixth" by his Honor in making up the case. In the case on appeal the next of the plaintiff's special prayers is in these words: "The Legislature has enacted that any contract or agreement expressed or implied made by any employee of said company to waive the benefit of an action which he may have against the company for injuries shall be null and void, 'and it seems,' says the Supreme Court, 'that the Legislature intended to put an end to such intentions (contentions) by saying in the first section of the Act that he shall have a right of action for injuries caused by such defective machinery and providing in the second section that he can not waive this right by contract expressed or implied.'" At the end of that request for instructions these words appear in parenthesis: "The above instruction was given and defendant excepted." The plaintiff's attorneys in their brief treat that as the *ninth* special prayer of the plaintiff in these words: "The ninth in-

struction is a summary of the fellow-servant Act and of the
decision  of this court in *Coley's case,* 128 N. C., 534; 57
L. R. A., 817, and was entirely proper, and his Honor com-
mitted no error in giving it." It can be seen by an inspec-
tion of the record now before me that his Honor below, and
not the plaintiff's counsel, in making up the case, numbered
the prayer, following seven, *"sixth."* His Honor made the
error and should have numbered it eight, and the next suc-
ceeding one nine. The plaintiff's counsel in their brief, as
we have said, saw the judge's error, and in their brief treated
these two exceptions as eight and nine. They were not one
instruction, but were clearly two, and about two entirely
different matters involving different questions of law. The
eighth concerned the power of a conductor to waive a rule
of the company when it was the duty of the plaintiff to obey
the order, as in Mason's case referred to in the brief of the
plaintiff's counsel; and the ninth concerned the effect of
the fellow servant law passed in 1897, five years after the
decision in *Mason's case,* 111 N. C., 482. My views on the
merits of the case are to be found in volume 131, page 476,
of our Reports, embodied in the opinion written by myself for
a unanimous court. I think the petition should be dismissed.